USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1562 UNITED STATES OF AMERICA, Appellee, v. FELIX A. MARTES-REYES, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lagueux*, District Judge. ______________ _________________________ Rafael Anglada-Lopez on brief for appellant. ____________________ Guillermo Gil , United States Attorney, Jos A. Quiles- ______________ ________________ Espinosa, Senior Litigation Counsel, Sonia I. Torres and Nelson ________ ________________ ______ P rez-Sosa, Assistant United States Attorneys, on brief for the __________ United States. _________________________ June 10, 1997 _________________________  ____________________________ *Of the District of Rhode Island, sitting by designation. Per Curiam. This is a single-issue sentencing appeal. Per Curiam. __________ Affording de novo review to the district court's interpretation of the sentencing guidelines and its application of governing legal principles, see United States v. Lindia, 82 F.3d 1154, 1159 ___ _____________ ______ (1st Cir. 1996), we conclude that the court did not err in sentencing the appellant to 18 months of imprisonment after revoking his probation. We set the stage. On October 14, 1992, a federal grand jury sitting in Puerto Rico returned an indictment charging the appellant with attempting to use an altered United States passport while applying for admission to the United States. See ___ 18 U.S.C. 1543. After some preliminary skirmishing, not relevant here, the appellant pled guilty. On December 18, 1992, the court sentenced the appellant to 36 months probation. The conditions of his probation included the following: the appellant, while on probation, would neither commit another crime nor illegally possess a controlled substance, and, if deported or granted voluntary departure, he would remain outside the United States unless he obtained prior written authorization from the pertinent authorities and met other benchmarks. On August 24, 1995, the appellant's probation officer notified the district court that the appellant had violated these conditions. The probation officer reported that, in 1994, the appellant had been arrested and convicted in New York for selling cocaine; and that, on March 1, 1995, Customs agents had arrested and charged him with unlawful entry, false use of a passport, and 2 misuse of a visa. On September 21, 1995, the district court held a show- cause hearing at which the court found that probable cause existed to believe that the appellant had violated the conditions of his probation. On October 5, 1995, the court held a further hearing. At the conclusion of this hearing, the court revoked the term of probation which had been imposed in 1992 and sentenced the appellant to 18 months imprisonment. This appeal followed. Revocation of probation is governed generally by 18 U.S.C. 3565(b) and the policy statements contained in USSG 7B1.3. Policy statements are advisory in nature, see USSG Ch.7, ___ Pt.A, intro. comment.; United States v. O'Neil, 11 F.3d 292, 301 _____________ ______ (1st Cir. 1993), but when correctly applied they carry great weight. See Stinson v. United States, 508 U.S. 36, 42 (1993); ___ _______ _____________ United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994). Under _____________ _____ them, revocation of probation is mandatory if the defendant commits a Grade A violation, see USSG 7B1.3(a)(1), such as a ___ controlled substance offense. See 18 U.S.C. 3565(b)(1); see ___ ___ also 18 U.S.C. 3563(a)(3); USSG 7B1.1(a)(1)(ii). Distributing ____ a controlled substance constitutes a controlled substance offense for this purpose. See USSG 4B1.2(2). ___ Viewed against this backdrop, the appeal is easily resolved. The New York conviction for selling cocaine constituted all that was needed to revoke the appellant's probation. See 18 U.S.C. 3565(b)(1); USSG 7B1.3(a)(1); see ___ ___ 3 also USSG 4B1.2(2). The appellant's glossover of the cocaine ____ sale and his concomitant attempt to portray himself as having committed only a Grade B violation is disingenuous. The short of the matter is that the cocaine sale constituted a Grade A violation, carrying with it a suggested range of 12 to 18 months of imprisonment in the ensuing revocation-of-probation proceeding. See USSG 7B1.4(a). The sentence that the district ___ court meted out is within this range and is, therefore, entirely appropriate.1 We need go no further. For the reasons discussed herein, the appellant's sentence is summarily affirmed. See 1st ________ ___ Cir. R.27.1.  ____________________ 1In his reply brief, the appellant takes a different tack. He contends that he should have been sentenced based on a Grade B violation because the drug offense that led to the revocation of probation occurred before the district court imposed the probationary sentence. This contention confuses the facts. The court sentenced the appellant to serve a term of probation in 1992. The drug offense transpired almost two years later. 4